# IN THE COURT OF APPEALS OF IOWA

No. 14-1290
Filed April 6, 2016

**CURT N. DANIELS,**
      Plaintiff-Appellant,

**vs.**

**JOHN HOLTZ; WSH PROPERTIES,
LLC; HUNTERS RETREAT, LLC; and
NAVAJO ASSOCIATES, LLC,**
      Defendants-Appellees.

_____

Appeal from the Iowa District Court for Lucas County, Carla T. Schemmel, Judge.

Curt Daniels appeals the district court's denial of a motion on res judicata grounds. **AFFIRMED.**

Curt N. Daniels, Chariton, appellant pro se.

Robert L. Stewart Jr. of Robert Stewart & Associates, Phoenix, and Kermit B. Anderson of Finley, Alt, Smith, Scharnberg, Craig, Hilmes, & Gaffney, P.C., Des Moines, for appellees.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

This third appeal involving the same parties raises the issue of whether the underlying action is barred by the doctrine of claim preclusion.

## I.     *Background Proceedings*

Curt Daniels sued John Holtz and others in connection with a sheriff's sale of certain stock in a company known as Indian Creek Corporation (ICC).   The litigation spawned two appeals.   *See Daniels v. Holtz*, 794 N.W.2d 813, 815 (Iowa 2010); *Daniels v. Holtz*, No. 12-1522, 2013 WL 5743640, at *1 (Iowa Ct. App. Oct. 23, 2013).

The opinion in the first appeal provides a detailed rendition of the facts and issues.   *See Holtz*, 794 N.W.2d at 815-17.   Daniels challenged two aspects of a summary judgment ruling disposing of a multitude of claims.   *Id.* at 817.   The court found a genuine issue of material fact precluding summary judgment in favor of Holtz and remanded the case for a determination of whether the fact issue would require the sheriff's sale to be set aside.   *Id.* at 825.

On remand, the district court set aside the sheriff's sale.   Holtz appealed the remand decision, and this court affirmed.   *Holtz*, 2013 WL 5743640, at *2.

After the second appeal became final, Daniels filed a "motion for court imposition of constructive trust, order for restitution and request for punitive damages."   He alleged:

> This instant action is brought to restore to [him] the [corporation] property and property that was owned by [him] personally prior to the . . . sheriff's sale along with all proceeds Holtz deprived [the corporation and him] of receiving post the sheriff's sale and the costs incurred by [him] to recover his property.

In addition to seeking a constructive trust on certain property, Daniels requested actual and punitive damages.

Holtz filed a resistance to the motion. He asserted "Daniel's Motion requests the same relief that was requested in his initial Petition for Relief filed February 26, 2007," which was "conclusively disposed of by" the district court and supreme court.

The district court denied the motion. The court reasoned in part as follows:

> Under Iowa law, "a party must litigate all matters growing out of the claim" or they may be precluded from bringing a second action seeking relief which could and should have been brought in the first action. *Pavone v. Kirke*, 807 N.W.2d 828, 835-36 (Iowa 2011). The reason for this rule is to prevent a party from getting "a second bite" simply by alleging a new theory of recovery for the same wrong. *Id.* . . .
> The remedies of constructive trust, unjust enrichment, and restitution now sought by the plaintiff in his present filings either were brought before the Court and rejected, or were not brought before the Court in a timely manner and thus must be rejected.

A third appeal followed.

On appeal, Daniel styles his trial court "motion" as an action to implement or enforce the final judgment setting aside the sheriff's sale. He contends the district court erred in denying the motion/action. Holtz responds with a number of arguments, including an argument premised on "res judicata."

## II. Res Judicata – Claim Preclusion

"The doctrine of res judicata includes both claim preclusion and issue preclusion." *Pavone*, 807 N.W.2d at 835. This appeal involves claim preclusion, which "holds that a valid and final judgment on a claim bars a second action on

the adjudicated claim or any part thereof." *Id.* In other words, "[a]n adjudication in a prior action between the same parties on the same claim is final as to all issues that could have been presented to the court for determination." *Id.* at 836 (citation omitted).

> To establish claim preclusion a party must show: (1) the parties in the first and second action are the same parties or parties in privity, (2) there was a final judgment on the merits in the first action, and (3) the claim in the second suit could have been fully and fairly adjudicated in the prior case (i.e., both suits involve the same cause of action).

*Id.*

There is no dispute as to the first and second elements. Daniels and Holtz were both parties to the original action, and the original action culminated in a final judgment setting aside the sheriff's sale of ICC stock.

We turn to the third element—whether the claim in the second suit could have been fully and fairly adjudicated in the prior case. "[A] party must litigate all matters growing out of the claim, and claim preclusion will apply not only to matters actually determined in an earlier action but to all relevant matters that could have been determined." *Id.* at 835 (citation omitted).

Daniels' motion/action underlying this appeal is the "second suit" for purposes of a claim preclusion analysis. The issues raised in this suit were raised before. Specifically, after the district court issued its remand decision setting aside the sheriff's sale, Holtz moved for a new trial, which Daniels resisted. In his resistance, he urged the district court to amend the ruling to impose "a constructive trust upon Holtz in his post sheriff sale dealings with ICC, to assure that Holtz is not able to benefit from his fraud." Daniels also asserted,

"All of Holtz's activities concerning ICC/Daniels following the sheriff's sale, the ownership transfer(s) of ICC, sale of ICC's personal property, interference with Daniels operation of ICC, extending the sheriff's sale reach to Daniels's residence/homestead, and other activities by Holtz should all be assessed for fairness by the court."  Although the district court's ruling on Holtz's new trial motion did not address the issues raised in Daniel's resistance, they were clearly issues that "could have been determined."  *Id.*

Because the relief Daniels sought in the second suit is the same relief Daniels sought in the original action, we conclude claim preclusion barred the second suit.  Accordingly, the district court did not err in denying the motion/action on res judicata grounds.

**AFFIRMED.**